AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Wisconsin

| | |
|---|---|
| KRAEMER BROTHERS, LLC<br>a Wisconsin limited liability company<br><br>*Plaintiff(s)*<br>v.<br>CMR CONSTRUCTION & ROOFING OF TEXAS, LLC, a Texas limited liability company and CMR CONSTRUCTION & ROOFING, LLC, a Missouri limited liability company<br><br>*Defendant(s)* | Civil Action No.  3:23-cv-00703-jdp |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  CMR CONSTRUCTION & ROOFING OF TEXAS, LLC
a Texas limited liability company
4308 Garland Drive, Haltom City, TX 76117

CMR CONSTRUCTION & ROOFING, LLC
a Missouri limited liability company
3006 N. Lindbergh Blvd., Suite 703, St. Ann, MO 63074

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Devon R. Baumbach and Jenifer L. Kraemer
von Briesen & Roper, s.c.
10 East Doty Street, Suite 900
Madison, WI 53703

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____    _____
*Signature of Clerk or Deputy Clerk*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KRAEMER BROTHERS, LLC,
a Wisconsin limited liability company,
925 Park Avenue
Plain, WI 53577

      Plaintiff,

v.                                      Case No. 3:23-cv-00703-jdp

CMR CONSTRUCTION & ROOFING OF TEXAS, LLC,
a Texas limited liability company,
4308 Garland Drive
Haltom City, TX 76117

and

CMR CONSTRUCTION & ROOFING, LLC,
a Missouri limited liability company,
3006 N. Lindbergh Blvd., Suite 703
St. Ann, MO 63074

      Defendants.

## AMENDED COMPLAINT

**NOW COMES** Plaintiff Kraemer Brothers, LLC ("Plaintiff" or "Kraemer"), by its attorneys, von Briesen & Roper, s.c., and as and for its Amended Complaint against Defendants CMR Construction & Roofing of Texas, LLC. ("CMR Texas") and CMR Construction & Roofing, LLC ("CMR") (collectively "Defendants"), alleges and states as follows:

      1.      Kraemer is a limited liability company duly organized and existing under the laws of the State of Wisconsin, with its principal place of business located at 925 Park

Avenue, Plain, Wisconsin 53577. At all times material to the allegations in this Complaint, Kraemer has been registered and authorized to conduct business in Wisconsin.

2. According to the records of the Texas Secretary of State, CMR Texas is a Texas limited liability company with its principal place of business located at 4308 Garland Drive, Haltom City, Texas 76117.

3. According to the records of the Wisconsin Department of Financial Institutions ("WDFI"), CMR Texas is not registered or authorized as a foreign entity to conduct business in Wisconsin.

4. According to the records of the Texas Secretary of State, CMR Texas' Registered Agent for service of process is Corporation Service Company d/b/a CSC-Lawyers Incorporated at 211 E. 7th Street, Suite 620, Austin, TX 78701.

5. CMR is registered with WDFI as a foreign entity authorized to conduct business in Wisconsin and, according to WDFI's records, CMR is a Missouri limited liability company with its principal place of business located at 3006 N. Lindbergh Blvd., Suite 703, St. Ann, MO 63074, and CMR's Registered Agent for services of process in Wisconsin is Corporation Service Company at 33 East Main Street, Suite 610, Madison, WI 53703.

6. Kraemer is a general contractor who was retained by the project owner to construct certain improvements for a construction project known as Usona Institute and located at 2881 Woods Hollow Road in Fitchburg, WI (the "Project").

7. "CMR Construction & Roofing" submitted a bid to Kraemer to perform certain of the roofing work on the Project, and directed Kraemer to issue a subcontract for the work to CMR Texas at 4308 Garland Drive, Haltom City, TX 76117.

8. On or about January 3, 2022, Kraemer and CMR Texas entered into an Agreement Between Kraemer and Subcontractor ("Subcontract") pursuant to which CMR Texas was to provide certain labor, materials, equipment and other services for the Project, as set forth in the Subcontract. A true and correct copy of the Subcontract is attached hereto as Exhibit A.

9. Defendants' attorneys have asserted that, unbeknownst to Kraemer, CMR Texas has no assets and that CMR signed the Subcontract on behalf of CMR Texas, and that CMR procured and provided the insurance required by the Subcontract, signed lien waivers relating to the Project, and otherwise performed work on the Project.

10. According to CMR Texas' Notice of Removal (Doc. 1), CMR Texas is owned by CMR.

11. CMR's conduct in signing the Subcontract on behalf of CMR Texas, procuring and providing the insurance required by the Subcontract, signing lien waivers relating to the Project, and otherwise performing work on the Project manifests an intent by CMR to also be bound by the Subcontract.

12. Upon information and belief, CMR Texas is also a mere shell dominated and controlled by CMR for CMR's own purposes, including with respect to the Subcontract and the Project, and/or CMR Texas is a mere alter ego of CMR and, as such, CMR is jointly and severally liable with CMR Texas with respect to the claims in this action.

**Claim One – Breach of Contract**

13. Kraemer realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 12 of the Amended Complaint above.

14. CMR Texas and/or CMR failed to properly perform the work required by the Subcontract.

15. Kraemer notified CMR Texas and/or CMR on multiple occasions that CMR Texas and/or CMR were in breach of their obligations under the Subcontract, including but not limited to notifying CMR Texas and/or CMR in writing of deficiencies in CMR Texas and/or CMR's work, CMR Texas and/or CMR's failure to provide sufficient labor to meet the schedule requirements, and CMR Texas and/or CMR's failure to timely and/or properly complete the work.

16. In addition, CMR Texas and/or CMR has failed to pay certain of their sub-subcontractors and suppliers for materials, equipment, or services they provided on the Project.

17. Kraemer has made direct payments to certain of CMR Texas and/or CMR's sub-subcontractors and suppliers for materials, equipment or services provided by such sub-subcontractors and/or suppliers to CMR Texas and/or CMR on the Project, and Kraemer will incur costs to post a bond to release a construction lien filed by another of CMR Texas and/or CMR's sub-subcontractors for materials, equipment or services provided to CMR Texas and/or CMR on the Project, all of which are properly back charged to CMR Texas and/or CMR.

18. As a result of CMR Texas and/or CMR's breach, Kraemer notified CMR Texas and/or CMR that the Subcontract was terminated, and Kraemer has incurred significant costs to complete and/or correct CMR Texas and/or CMR's work under the Subcontract, all of which are properly back charged to CMR Texas and/or CMR.

19. As a result of CMR Texas and/or CMR's breaches, Kraemer has suffered damages in an amount to be determined at trial, which damages currently exceed Nine Hundred Ninety Thousand Dollars ($990,000) and are expected to increase.

### Claim Two – Theft by Contractor

20. Kraemer incorporates by reference the foregoing paragraphs 1 through 19 above, in their entirety.

21. Kraemer paid CMR Texas and/or CMR approximately One Million Four Hundred Sixty Thousand Nine Hundred Ninety-Two Dollars ($1,460,992) based on draw requests submitted by CMR Texas and/or CMR for labor, materials, equipment and/or services under the Subcontract.

22. Kraemer issued the payments to CMR Texas, including via checks, that CMR Texas and/or CMR deposited into CMR's bank account(s).

23. Kraemer's payments to CMR Texas and/or CMR were from moneys paid by the owner of the Project and/or from the proceeds of a mortgage on the owner's land and, as such, constituted construction trust funds pursuant to Wis. Stats. § 779.02(5).

24. Kraemer has been contacted by several sub-subcontractors and suppliers who provided materials, equipment or services to the Project under agreements with CMR Texas and/or CMR and who have not been paid for such work (the "Second Tier Claimants").

25. Upon information and belief, Kraemer has paid CMR Texas and/or CMR construction trust funds that include amounts owed to some of the Second Tier Claimants.

26. Upon information and belief, CMR Texas and/or CMR used the construction trust funds received from Kraemer and intended as payment to the Second Tier Claimants for purposes other than to pay the Second Tier Claimants, and/or CMR Texas and/or CMR otherwise used the

5

construction trust funds received from Kraemer for purposes other than to pay claims due or to become due or owing by CMR Texas and/or CMR on the Project, in violation of Wis. Stats. § 779.02(5).

27. As a consequence of CMR Texas and/or CMR's improper use of the construction trust funds and violation of Wis. Stats. § 779.02(5), Kraemer has been and/or will be damaged, including by having to pay claims by the Second Tier Claimants or others.

28. Pursuant to Wis. Stats. § 779.02(5), CMR Texas and/or CMR's improper use of the construction trust funds is also deemed theft by any officers, directors, members, partners, or agents responsible for the misappropriation, including CMR as the member of CMR Texas.

29. Upon information and belief, CMR Texas and/or CMR's improper use of the construction trust funds at issue for purposes other than to pay the Second Tier Claimants and/or for purposes other than paying claims due or to become due or owing by CMR Texas and/or CMR on the Project was further intentional, thereby permitting Kraemer to recover its actual damages, plus all reasonable costs of investigation and litigation (including attorney's fees), and up three (3) times its actual damages, all pursuant to Wis. Stat. § 895.446.

WHEREFORE, Kraemer demands judgment against Defendants, jointly and severally, as follows:

(a) Money judgment in an amount to be determined at trial;

(b) Pursuant to Claim Two, money judgment and treble damages in an amount to be determined at trial;

(c) Recoverable interest, statutory costs and attorney's fees as allowed by the Subcontract and/or applicable law, including all reasonable costs of investigation and litigation (including attorney's fees) pursuant to Wis. Stat. § 895.446; and

(d)     Such other and further relief as this Court deems fair and equitable under the circumstances.

Dated this 10th day of November, 2023.

/s/ Devon R. Baumbach
Devon R. Baumbach
State Bar No. 1023009
devon.baumbach@vonbriesen.com
Jenifer L. Kraemer
State Bar No. 1031914
jenifer.kraemer@vonbriesen.com
VON BRIESEN & ROPER, S.C.
Ten East Doty Street, Suite 900
Madison, WI 53703
Telephone: (608) 310-3602
Facsimile: (608) 316-3166

*Attorneys for Plaintiff Kraemer Brothers, LLC*